SANTA GIORDANO et al., as Executors of PHILIP GIORDANO, Deceased, Respondents, *v.* IL PROGRESSO ITALO-AMERICANO PUBLISHING CO., INC., Appellant.

Order affirmed, with $20 costs and disbursements.

COHN, J. (dissenting). The action is to recover $5,000 for death benefits alleged to be due plaintiffs' decedent who had been an employee of defendant. Plaintiffs base their claim upon a letter dated September 12, 1946, which was written by the president of the defendant to its business manager. In the second paragraph of this letter a plan for severance pay equal to two weeks' salary for each full year of uninterrupted employment, up to twenty-eight weeks' salary, was set up to take effect for an employee who is discharged. By its terms it did not apply to any employee who voluntarily resigned or who was discharged for dishonesty, gross neglect of duty or gross insubordination.

Plaintiffs contend that the proposed plan also applied in case of death of an employee. However, the writing, which in its first paragraph refers to

severance pay in case of death, or discharge from employment, sets forth no plan for severance pay in the event of death, and makes not the slightest further reference to such payment.

Extrinsic evidence would not be permissible to supply the elements essential to an agreement to pay death benefits. There is nothing in the letter upon which plaintiffs rely which obligates defendant to pay such benefits to any one in the event of death.

Plaintiffs contend that this agreement is similar to a contract made with some of defendant's employees affiliated with the Newspaper Guild. However, it is significant to note that in the latter agreement, which is quoted in full in an affidavit submitted by one of plaintiffs, there is an agreement to pay death benefits; specific details are stated as to when the publisher shall make payment of such benefits to a beneficiary or his estate, the amount of the pay and the one to whom such payment is to be made. It is there provided that payment is to be awarded to the one designated in writing as the beneficiary. No such agreement or provisions appear in the contract sued upon here. Parol evidence will not be permitted to vary the terms of a purported contract by inserting in the writing what is not there. (*United Press* v. *New York Press Co.*, 164 N. Y. 406, 410; *Varney* v. *Ditmars*, 217 N. Y. 223, 228.)

There is here no enforcible contract on the part of defendant to make any payment in the event of death. Plaintiffs accordingly have no cause of action. The order denying defendant's motion for summary judgment should be reversed and the motion should be granted.

Peck, P. J., Glennon and Van Voorhis, JJ., concur in decision; Cohn, J., dissents in opinion in which Shientag, J., concurs.

Order affirmed, with $20 costs and disbursements. No opinion.